FILED
United States Court of Appeals
Tenth Circuit

April 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANGEL RODRIGUEZ-RAMIREZ,

    Defendant - Appellant.

No. 07-2172
(D.C. No. CR-07-491-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Angel Rodriguez-Ramirez pleaded guilty to one count

of reentry of a removed alien in violation of 8 U.S.C. § 1326(a), (b)(1). Mr.

Rodriguez-Ramirez was sentenced to 10 months' imprisonment and committed to

the custody of the Torrance County Detention Facility. The district court also

recommended that the Immigration and Customs Enforcement agency begin

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

removal proceedings during service of the sentence. After Mr. Rodriguez-Ramirez timely filed a notice of appeal, his counsel filed an Anders brief and a motion to withdraw. See Anders v. California, 386 U.S. 738, 744 (1967). An attempt was made to serve a copy of the Anders brief on Mr. Rodriguez-Ramirez at the Torrance County Detention Facility, but the brief was returned because Mr. Rodriguez-Ramirez was no longer in custody at that time. Mr. Rodriguez-Ramirez's counsel did not know Mr. Rodriguez-Ramirez's new address. The government elected not to file a response after review of Mr. Rodriguez-Ramirez's opening brief. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We have independently reviewed the record and agree that there are no potentially meritorious issues on appeal. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

Following Mr. Rodriguez-Ramirez's guilty plea, a presentence investigation report ("PSR") was prepared. Based on a total offense level of 10 and a criminal history score of eight, which placed Mr. Rodriguez-Ramirez in a criminal history category of IV, the PSR calculated the applicable United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") range to be 15-21 months' imprisonment. In his sentencing memorandum, Mr. Rodriguez-Ramirez requested consideration of U.S.S.G. § 4A1.3(b) for over-representation of his criminal history category. Although he did not dispute the PSR's calculation of his criminal history score, he argued that a criminal history category of IV significantly over-represented the

seriousness of his criminal history, and requested that the district court place him in a criminal history category of III, which would reduce the applicable Guidelines range to 10-16 months. Mr. Rodriguez-Ramirez has three prior convictions for illegal entry and was assessed six criminal history points for these convictions. He was assessed two additional points for being released from custody within two years of committing the instant offense. Thus, he effectively received four criminal history points for his last illegal entry, which he claimed over-represented his prior criminal conduct. At sentencing, the government agreed that Mr. Rodriguez-Ramirez's requested downward departure was appropriate. The district court granted the § 4A1.3(b) downward departure and, after considering the 18 U.S.C. § 3553(a) factors, sentenced Mr. Rodriguez-Ramirez to 10 months' imprisonment.

The Anders brief raises two issues that could arguably support an appeal, namely whether Mr. Rodriguez-Ramirez's plea was knowing and voluntary, and whether his sentence was reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The record demonstrates that Mr. Rodriguez-Ramirez understood the crime to which he was pleading guilty, was aware of the potential penalties that would result from his guilty plea, was satisfied with the representation he received, and affirmed that his guilty plea was voluntary. Thus, nothing in the record leads us to believe that his plea was anything but knowing and voluntary. See Brady v. United States, 397 U.S. 742, 755-56 (1970). We also find nothing in

the record to lead us to believe that the sentence, which fell at the low end of the correctly calculated and presumptively reasonable Guidelines range, was procedurally unreasonable.  See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007).  We also find that the district court adequately considered the 3553(a) factors in determining Mr. Rodriguez-Ramirez's sentence and that the sentence was substantively reasonable. See Gall, 128 S. Ct. at 596-97; United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007).

Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge